# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHUFFLE MASTER,<br>A Minnesota Corporation | ) | 2:04-CV-01373-BES-LRL |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| VENDINGDATA CORPORATION<br>A Nevada Corporation | ) | |
| Defendant. | ) | |

Presently before this Court is Report and Recommendation of United States Magistrate Judge ("Recommendation") (#94), entered on September 26, 2005. Plaintiff Shuffle Master ("Shuffle Master") filed its Objections to Report and Recommendation Regarding Claim Construction ("Objections") (#95) on October 12, 2005, and its Motion for Oral Argument on Claim Construction ("Motion for Oral Argument") (#99) on January 18, 2006. Defendant VendingData ("VendingData") filed its Response to Shuffle Master's Objections to Report and Recommendations Regarding Claim Construction ("Response to Objections") (#96) on November 1, 2005, and submitted its Response to Shuffle Master's Motion for Oral Argument on Claim Construction ("Response to Motion for Oral Argument") (#103) on January 27, 2006. Shuffle Master filed its Reply in Support of Motion for Oral Argument on Claim Construction ("Reply in Support of Motion for Oral Argument") (#104) on February 2, 2006.

## BACKGROUND

This case arises out of a patent dispute between Shuffle Master and VendingData. Both companies manufacturer automatic shuffling devices that distribute playing cards from

1

1 unshuffled decks.  (Recommendation (#94) 2-3.)  Shuffle Master claims that its United States
2 Patent 6,655,684 ("patent '684") has been infringed by VendingData's PokerOne automatic
3 shuffler.  <u>Id.</u> at 1-4.  Specifically, the dispute centers around claim No. 20 ("claim 20") and the
4 meaning of the term "set" as used therein.  <u>Id.</u> at 1.

5      On May 16, 2005, in accordance with <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d
6 967 (Fed. Cir. 1995)(en banc), aff'd, 517 U.S. 370 (1996), a Magistrate Judge held a hearing
7 to construe the claim at issue.  After careful review, the Magistrate Judge concluded that this
8 Court should understand the term "set" as used in claim 20 to mean "a hand or part of a hand"
9 of cards.  (Recommendation (#94) 15.)  Thus, the Magistrate Judge recommends that claim
10 20 be read as "creating one or more discrete hands or discrete parts of hands within the
11 apparatus from the at least one deck of playing cards."  <u>Id.</u>

## DISCUSSION

13      In reviewing the recommendations submitted by a Magistrate Judge, the district court
14 is compelled to "make a *de novo* determination of those portions of the specified findings or
15 recommendations to which objections have been made."  28 U.S.C. 636(b); LR IB 3-2.  This
16 standard is consistent with that which is applied in the review of claim constructions made
17 pursuant to <u>Markman</u>.  <u>PC Connector Solutions LLC v. Smartdisk Corp.</u>, 406 F.3d 1359, 1362
18 (2005) ("Claim construction is a question of law that we review without deference."  (citing
19 <u>Cybor Corp. v. FAS Tech, Inc.</u>, 138 F.3d 1448, 1454 (Fed. Cir. 1998))).  In this district, whether
20 oral argument is heard on the objections is a matter committed entirely to the district court's
21 discretion.  LR 78-2.

22      That notwithstanding, Shuffle Master claims that oral argument is both "necessary and
23 proper" in order to effectuate review in this case.  (Reply Support Mot. Oral Arg. (#104) 2.)  In
24 support of this position, Shuffle Master posits the importance of claim construction in patent
25 cases generally and in this case specifically.  (Mot. Oral Arg. (#99) 6.)

26      There is little doubt that claim construction is of essential importance in nearly every
27 patent case.  The recognition of this fact is what motivates courts to hold <u>Markman</u> hearings
28 in the first place.  The importance of claim construction, though, simply does not justify the

duplication of a Magistrate Judge's efforts by a district court. To hold that it does would undermine the utility of delegating Markman hearings to Magistrate Judges, an accepted practice.[1] Additionally, there is no indication that the claim construction at issue here is perceptibly more important than in the usual case so as to justify revisiting the issue on the record.

Shuffle Master also claims that here the Federal Circuit has "specifically expressed the need for the District Court's guidance on this topic . . . ." Id. In doing so, Shuffle Master refers to the Federal Circuit's ruling regarding the sufficiency of the basis for the preliminary injunction initially issued against VendingData. Shuffle Master, Inc., v. VendingData Corp., No. 05-1203, 2005 WL 3529124 (Fed. Cir. Dec. 27, 2005). In that ruling, the Federal Circuit found that the district court did not adequately discharge its obligation under Markman prior to issuing the injunction. Id. at *868-869. As a consequence, the injunction was vacated. Id.

In support of its ruling, the court stated that although a district court need not undertake a comprehensive claim construction in the course of issuing a preliminary injunction, it must nonetheless "provide some form of claim construction, even if abbreviated, preliminary, or tentative." Id. at *867-868. The Federal Circuit also stated that "[w]hile claim construction is a question of law, the district court's analysis is important to the process of claim construction, and in this context, as in others, we decline to construe the claim without the guidance of the district court's construction." Id. at *868-869.

Shuffle Master seizes on the Federal Circuit's admonishment of the district court as an indication that it requires the guidance of this Court in its own claim construction regardless of the context. (Mot. Oral Arg. (#99) 6.) In doing so, Shuffle Master correctly implies that only

---

[1] Though there does not appear to be any Federal Circuit opinions that explicitly discuss the appropriateness of Magistrate Judges holding Markman hearings, the extensiveness of the practice and its propriety is evident from the numerous Federal Circuit rulings in which the record indicates that Magistrate Judges issued recommendations pursuant to such hearings, and on other analogous issues, and that those recommendations were then adopted by the district court judge and considered as the findings and conclusions of the district court for the purposes of appeal. E.g., PC Connector Solutions, Inc., 406 F.3d at 1362 n.2 (stating that where the district court adopted the Magistrate Judge's report and recommendation as to whether to grant summary judgment in a patent infringement action, the court will refer to the Magistrate Judge's findings and conclusions as those of the district court).

a district court and not a Magistrate Judge may make a final determination as to the proper construction of the claims at issue in any patent case. This much is clear from a reading of the jurisdiction of Magistrate Judges as provided by 28 U.S.C. § 636 (2006).

That said, the district court need not hold its own Markman hearing in order to fulfill its obligations under section 636. Rather, the district court may rely on the skill and discretion of a Magistrate Judge to hold such a hearing and make the relevant recommendations so long as it subjects those recommendations to *de novo* review. 28 U.S.C. § 636(b)(1); See also supra note 1. And while *de novo* review requires a review of the record without deference, see PC Connector, Inc., 406 F.3d 1359 (citing Cybor Corp., 138 F.3d at 1454), it does not entail the creation of an original record from whole cloth, See id. at 1362 n.2.

Upon completion of its review of the Magistrate Judge's recommendation, the district court may issue its own findings and conclusions or adopt the findings and conclusions of the Magistrate Judge. 28 U.S.C. § 636(b)(1); LR IB 3-1. In the event that the latter course is chosen, the findings and conclusions of the Magistrate Judge are treated as those of the district court for the purposes of any appellate issue. PC Connector, Inc., 406 F.3d at 1362 n.2.

Thus, when the Federal Circuit stated that it would refrain from its own claim construction absent the guidance of the district court, it was simply making clear that a district court must at least make the final determination as to the proper claim construction in accordance with the dynamic described here. It would be wholly unjustified and contrary to common practice to suggest that in this case the Federal Circuit is insisting on a determination of the claim at issue solely by this Court, without the aid of the insight of the Magistrate Judge.

Finally, Shuffle Master argues that the likelihood of an appeal of the claim construction issued here militates in favor of this Court holding its own hearing. (Mot. Oral Arg. (#99) 7.) Once again, this argument is inapposite to the efficiency based rationale that supports the use of Magistrate Judges in issuing recommendations on claim construction. Moreover, as the foregoing discussion sets out, the Federal Circuit will not be without a sufficient record upon which to review any appeal. See discussion supra p. 4. As such, Shuffle Master's contention

that the likelihood of appeal cuts in favor of oral arguments is unfounded. Therefore, the Court exercises its discretion not to hear oral arguments regarding Shuffle Master's Objections.

That having been decided, after a review and determination in accordance with the requirements of 28 U.S.C. § 636, Local Rule IB 3-2, and applicable case law, and good cause appearing,

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#94) entered on September 26, 2006, is adopted and accepted without modification. Plaintiff's Motion for Oral Argument (#99) is DENIED.

IT IS SO ORDERED

DATED this 26th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE